UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOSEPH FOUNTAIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV424-244 |
| ) | |
| DOUGLAS WILLIAMS, ) | |
| ) | |
| Respondent. ) | |

**ORDER AND REPORT AND RECOMMENDATION**

*Pro se* petitioner Joseph Fountain filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Doc. 1. The Court conducted the required screening and recommended that the Petition be dismissed as untimely. *See* doc. 5; *see also* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."). Petitioner objected, doc. 6, and the Court vacated its Report and Recommendation and directed Petitioner to amend his Petition. Doc. 7. He complied. Doc. 11. The Court directed the Respondent to respond, doc. 13, and Commissioner of the Georgia Department of Corrections, Tyrone Oliver, moved to intervene, doc. 14,

and responded, docs. 15 & 16.  Additional motions followed, which are addressed below.  Docs. 18, 19 & 22.[1]  For the reasons explained below, the Motion to Dismiss should be **GRANTED**.  Doc. 16.  Fountain's Amended Petition should be **DISMISSED** as untimely.  Doc. 11.

Before reaching the substance of Fountain's Amended Petition, however, the Court must address the Motion to permit the intervention of the Commissioner of the Georgia Department of Corrections, Tyrone Oliver.  Doc. 14.  The Motion stands unopposed.  *See generally* docket.  Commissioner Oliver's Motion informs the Court that the facility where Fountain is incarcerated, is a "private prison."  Doc. 14-1 at 1.  This Court has previously recognized that the warden of a private prison "is an employee of the corporation running the prison, not a state employee," and that the proper respondent was the Commissioner of the Department of Corrections, as "the officer in charge of Georgia's penal institutions."  *See Clemons v. Medlin*, CV114-129, doc. 9, at 1-2 (S.D. Ga. Sept. 17, 2014).  The United States District Court for the Northern District of

---

[1] The Court notes Fountain's objection to the schedule imposed for Respondent's response to his Amended Petition. *See* doc. 21 at 2-3.  The Northern District of Florida has addressed an argument identical to Fountain's, albeit in the context of a § 2241 petition. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. Apr. 8, 2008).  This Court wholly concurs with the sound reasoning in *Baker*.

Georgia has also found that the Commissioner is the proper respondent. *See Sands v. Medlin,* 2014 WL 6791588, at *1 (N.D. Ga. Dec. 2, 2014). Accordingly, the Commissioner's Motion to Intervene is **GRANTED**. Doc. 14. The Clerk is **DIRECTED** to update the caption of this case to indicate that the Respondents are Douglas Williams, Warden, and Tyrone Oliver, in his official capacity as the Commissioner of the Georgia Department of Corrections. *See Clemons,* CV114-129, doc. 9 at 2; *Sands,* 2014 WL 6791588, at *1.

Fountain's Amended Petition asserts three grounds for relief. *See* doc. 11 at 5-10. Ground One asserts a "miscarriage of justice" because a detective, who apparently participated in an undercover operation posing as a minor, testified that "there was no solicitation for any sexual conduct . . .," in messages apparently between Fountain and the purported minor. *Id.* at 5. Ground Two asserts that his guilty plea was not knowing and voluntary because Fountain "did not have adequate understanding of the nature of the crime he plead guilty to." *Id.* at 7. Ground Three asserts that his trial counsel provided ineffective assistance because he "failed to investigate and adversarilly [sic] challenge Count 1 and Count 2 . . . and to understand the charged offenses as they relate to law." *Id.* at 8. For

3

the reasons explained below, none of the asserted grounds merits further proceedings.

Respondent argues that Fountain's Petition, as amended, is untimely. *See generally* doc. 16-1. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. As relevant here, once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or

federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A copy of the judgment against Fountain, submitted by the Respondent as an exhibit, indicates that it was entered on April 12, 2017 and is stamped filed by the Clerk of the Superior Court on April 26, 2017. Doc. 17-2 at 1, 4. Fountain asserts that the Respondent has incorrectly stated that the date of filing triggered the thirty-day period to appeal. *See* doc. 21 at 8. It is, in fact, Fountain who is mistaken. Under Georgia law, Fountain had thirty days "after the entry of the appealable decision or judgment," to appeal his conviction. *See, e.g.,* O.C.G.A. 5-6-38. "The *filing with the clerk of a judgment*, signed by the judge, constitutes the entry of a judgment within the meaning of," the Georgia Appellate Practice Act. O.C.G.A. § 5-

6-31 (emphasis added).  As Respondent argues, then, Fountain's conviction became final on May 26, 2017, when the time for filing his appeal expired. *See, e.g., Gonzalez*, 565 U.S. at 150.  The one-year period to seek federal habeas relief expired, therefore, on May 28, 2018.[2] Fountain concedes that he did not file any state petition until September 23, 2019.  Doc. 21 at 1; *see also* doc. 17-3 at 1 (Fountain's state habeas petition stamped filed September 23, 2019).  Fountain's federal petition, therefore, is untimely.

Fountain's untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)).  "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010).  Fountain bears the burden of showing his entitlement to equitable tolling. *See, e.g., Lugo v. Sec'y, Fla. Dept. of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("The

---

[2] One year from May 26, 2017, was Saturday, May 26, 2018.  By operation of the Federal Rules, Fountain's deadline was automatically extended until the following Monday, May 28, 2018. *See* Fed. R. Civ. P. 6(a)(1)(C).

6

burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." (internal quotation marks and citation omitted)).

Fountian argues that because his state petition was timely filed and pended until November 2, 2023, the statute of limitations on his federal petition was tolled during that period or, alternatively, he is entitled to equitable tolling. *See* doc. 11 at 13-14. Foutain's argument is not entirely clear. On the one hand, he argues that his petition was filed timely. *See id.* Alternatively, he asserts that his timely compliance with the Court's direction to amend "meets the requirements that he pursued his rights diligently and an extraordinary circumstance (the doctrine of 'exhaustion of state remedies') prevented him from filing a timely petition." *Id.* Neither argument is availing. His first argument fails because, as discussed above, regardless of the timeliness of his state petition under Georgia law, the one-year period to file his federal petition had already expired so, whether or not his state petition might have tolled the federal period, there was no time left to toll. *See Webster*, 199 F.3d at 1259.

The second argument, that the combined effect of the requirement that he exhaust state remedies and the pendency of his timely state

petition entitles him to equitable tolling, is equally flawed. First, Fountain mischaracterizes the requirement that federal habeas petitioners exhaust available state remedies as a "doctrine," when it is, in fact, a statutory requirement. *See* 28 U.S.C. § 2254(b)(1). The existence of that requirement and Fountain's ignorance or misunderstanding of it, therefore, cannot constitute an extraordinary circumstance. *See, e.g., Hess v. Sec'y, Dept. of Corrs.*, 2017 WL 6607169, at *2 (11th Cir. Oct. 18, 2017) ("[T]his Court has held that *pro se* status and ignorance of the law do not warrant equitable tolling." (citing *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997)). Even assuming, therefore, that his conduct of this litigation supports the conclusion that he pursued his rights diligently, the fact that no "extraordinary circumstance" prevented his timely filing precludes equitable tolling. Accordingly, Fountain has not borne his burden to establish his entitlement to equitable tolling of the statute of limitations.

Otherwise untimely § 2254 claims may also be considered, even if the petitioner is not entitled to equitable tolling, if he can demonstrate that a fundamental miscarriage of justice has occurred; that is where "a constitutional violation has probably resulted in the conviction of one who

is actually innocent." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (internal quotes omitted)). The actual innocence exception "is exceedingly narrow in scope," and, to invoke it, the petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence. *Rozzelle v. Sec'y, Fla. Dept. of Corrs.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (internal quotation marks, alterations, and citation omitted); *see also McQuiggin*, 569 U.S. at 394-95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows that it is more likely than not that no reasonable juror would have convicted the petitioner." (internal quotation marks, alteration, and citation omitted)). "For purposes of this miscarriage-of-justice-exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *Bembo v. Sec'y Dept. of Corrs.*, 2017 WL 5070197, at *2 (11th Cir. Mar. 30, 2017) (citing *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011)). The petitioner bears the burden of showing the exception applies. *See, e.g., McQuiggen*, 569 U.S. at 399.

The focus of the parties' arguments concerning whether Fountain's substantive grounds may be considered is on whether Fountain has asserted a plausible actual-innocence claim. He has not. The brief submitted with Fountain's Amended Petition points to testimony from his 2022 state habeas hearing as the "new evidence" supporting his actual innocence claim. *See* doc. 12 at 11. His assertion is based on the witness's opinion testimony concerning whether evidence, admittedly provided to Fountain during discovery, legally satisfied the elements of the charged offenses. *See, e.g., id.* at 16-17. He argues that "[i]f the Detective who created and ran the sting operation reviews the evidence and testifies that there is no solicitation for sexual conduct with either victim, that one of the victims wasn't a child, and that petitioner did not go to the meeting place for the purpose of sex, rational jurors would consider the Detective a pretty credible witness and assume he knows what he's testifying . . . ." Doc. 21 at 10. Fountain simply misunderstands what the "new evidence" requirement means.

Fountain is, perhaps, correct in his assessment of the likely effect of the disputed testimony during a trial.[3] However, the witness's opinion concerning the legal significance of the evidence, no matter how credible it might be, is not, itself, evidence. *Cf. Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness . . . may not testify to the legal implications of conduct . . . ."). Whether the emails and text messages that formed the basis for the charges against Fountian were, as a matter of Georgia law, sufficient to support those charges implicates, at most, his legal, not factual, innocence. As another court in this Circuit has summarized: "[N]o matter how [Petitioner] tries to spin it, he simply makes a sufficiency of the evidence (legal innocence) argument. A sufficiency of the evidence argument is distinctly different form an

---

[3] Fountain acknowledges he pleaded guilty. *See* doc. 12 at 2. Respondent points out that Fountain stipulated, at his plea hearing, "that there was a factual basis to establish each and every material allegation of count one . . ." Doc. 16-1 at 12 (citation omitted). Some courts have expressed skepticism that an actual-innocence claim can be established by a defendant who has pleaded guilty. *See, e.g., Cone v. Corcoran State Prison Warden*, 2025 WL 1698699, at *6 (C.D. Cal. Apr. 30, 2025) ("As other courts have noted, the actual-innocence standard does not readily lend itself to petitioners who pleaded guilty," and collecting cases (internal quotation marks and citation omitted)); *Caja-Vargas v. United States*, 2019 WL 3886438, a t *1 (E.D. Tex. Aug. 19, 2019) ("Many courts have been unwilling to allow prisoners to invoke actual innocence claims after pleading guilty," and collecting cases). However, as discussed below, it is clear that Fountain's actual-innocence claim fails because he fails to point to any new evidence implicating his factual, as opposed to legal, innocence.

actual-innocence argument and not enough to satisfy *McQuiggin*." *Wroten v. Gordy*, 2017 WL 1423945, at *2 (S.D. Ala. April 19, 2017). Since Fountian does not identify any new factual evidence that could not have been discovered before he pleaded guilty, he has not borne his burden to invoke the actual-innocence exception to the statute of limitations. *Cf. Cantu v. Atty. Gen. of Mont.*, 2021 WL 3934329, at *3 (D. Mont. June 8, 2021) (rejecting actual innocence claim which "resets upon . . . interpretation and after the fact conclusions based upon informatoi9n that was known to him all along.").

Since Fountain's Petition is untimely and he makes no meritorious argument for equitable tolling or actual innocence, the Motion to Dismiss his Amended Petition as untimely should be **GRANTED**. Doc. 16. His Amended Petition should, therefore, be **DISMISSED**. Doc. 11. His Motion to Expedite is **DISMISSED** as moot. Doc. 19. Since his Amended Petition is untimely, and the disputed testimony, which is already part of the record, *see, e.g.,* Rule 5(c), Rules Governing Section 2254 Cases, does not alter that determination, his somewhat ambiguous request to "establish new evidence," is **DENIED**. Doc. 22. Finally, as Respondent points out, doc. 23, "a default judgment is not contemplated in habeas

12

corpus cases," *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987). Fountain's Motion for Default Judgment is, therefore, **DENIED**. Doc. 18.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 29th day of July, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA