UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JOSEPH FOUNTAIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV424-244 |
| | ) | |
| DOUGLAS WILLIAMS, and TYRONE OLIVER, | ) ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is the Magistrate Judge's July 29, 2025 Report and Recommendation, doc. 26, to which Petitioner has objected, doc. 28. After a careful *de novo* review, the Court agrees with the Magistrate Judge's recommendation. For the reasons explained below, Fountain's objections are **OVERRULED**. Doc. 28. The Court, therefore, **ADOPTS** the Report and Recommendation, doc. 26, as its opinion, **GRANTS** the Respondent's Motion to Dismiss, doc. 16, and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus, as amended, as untimely. Doc. 11.

As Petitioner's Objection concedes, "[i]t is well known that Petitioner's Petition is untimely." Doc. 28 at 1; *see also* doc. 26 at 5-6. As the Magistrate Judge recognized, whether the substantive grounds asserted in Fountain's Petition can be considered depends upon whether he has adequately asserted some exception to 28 U.S.C. § 2244(d)'s statute of limitations. *See* doc. 26 at 6. The Magistrate Judge first discussed, and rejected, Fountain's assertion that he was entitled to equitable tolling. *See* doc. 26 at 6-8. Foutain does not object to that conclusion. *See generally* doc. 28. The Magistrate Judge then considered, and rejected, Fountain's assertion of "actual innocence." *See* doc. 26 at 8-12. Fountain's objection focuses on that conclusion. *See generally* doc. 28.

Fountain recognizes, as the Magistrate Judge noted, that the "actual innocence" or "miscarriage of justice" exception to § 2244's statute of limitations is "severely confined," and "exceedingly narrow." Doc. 26 at 9 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 394 (2013); *Rozelle v. Sec'y, Fla. Dept. of Corrs.*, 672 F.3d 1000, 1011 (11th Cir. 2012)). "[I]mportantly, for purposes of the actual innocence exception, actual innocence means *factual* innocence, not mere legal insufficiency."

*McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting *Bousely v. United States*, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted). The proffered basis for Fountain's actual innocence argument is testimony from his state habeas hearing from the officer who investigated the underlying crime. Doc. 26 at 10-11. The Magistrate Judge explained, however, that a witness's opinion on the legal significance of another piece of evidence is not evidence. *Id.* at 11. Fountain's Objection mistakenly asserts that the Magistrate Judge considered the formal admissibility of that testimony, as an expert opinion. Doc. 28 at 3-7. What the Magistrate Judge actually determined is that the witness's opinion, expert or not, on whether particular conduct satisfies the essential elements of a particular charge is a legal, not a factual, one. Doc. 26 at 11-12. Fountain's Objection makes clear that he does not dispute what the factual evidence underlying his conviction consists of—*i.e.*, text and email messages with an undercover officer—but, instead, whether the content of those messages amount to "solicitation of sexual contact," within the meaning of O.C.G.A. § 16-12-100.2(d) and incorporated statutes. As Foutain's own objection characterizes the testimony, it concerned whether

3

"certain elements of the crime exist in the evidence that [the witness] is reading . . . ." Doc. 28 at 7. As the Magistrate Judge recognized, that is a paradigm assertion of legal, not factual, innocence. Doc. 26 at 11-12. Fountain's Objection to the Magistrate Judge's analysis of his actual innocence argument is, therefore, **OVERRULED**. Since it is clear that Fountain's Petition is untimely and he has not asserted any viable exception to the time bar, the remaining issues addressed in his Objection are moot.

Accordingly, after a careful *de novo* review, the Court concurs with the Magistrate Judge's conclusions that Fountain's Petition is untimely and he has not borne his burden to establish either his entitlement to equitable tolling or actual innocence. Doc. 26 at 12. The Magistrate Judge's Report and Recommendation is, therefore, **ADOPTED**. Doc. 26. Respondent's Motion to Dismiss is **GRANTED**. Doc. 16. Fountain's Amended Petition is, therefore, **DISMISSED**. Doc. 11.

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1);

*see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

      **SO ORDERED** this 14 day of August, 2025.

                                      HON. LISA GODBEY WOOD, JUDGE
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF GEORGIA